# IN THE SUPREME COURT OF THE STATE OF DELAWARE

BRUCE J. CARR,

  Defendant Below,
  Appellant,

  v.

STATE OF DELAWARE,

  Plaintiff Below,
  Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§

No. 79, 2016

Court Below—Superior Court
of the State of Delaware

Cr. ID No. 82002234DI

Submitted: April 11, 2016
Decided: June 16, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 16th day of June 2016, it appears to the Court that:

(1) The appellant, Bruce J. Carr, filed this appeal from the Superior Court's orders dated February 4, 2016, denying his letter request "to amend [his] sentence" and his motion for new trial. The appellee, State of Delaware, has moved to affirm the Superior Court's judgments on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) In 1982, Carr was convicted of kidnapping, conspiracy, rape, and attempted rape, and was sentenced to six consecutive life terms plus forty years.

The conviction was affirmed on direct appeal.[1] Carr has filed many unsuccessful petitions seeking to overturn his conviction and sentences.

(3) On January 8, 2016, Carr filed a letter requesting that the Superior Court resentence him to concurrent terms of imprisonment under a 2014 amendment to 11 *Del. C.* § 3901(d). By order dated February 4, 2016, the Superior Court denied the motion, ruling that section 3901(d) as amended was not intended to have retroactive effect. The Superior Court was correct. The amendment of section 3901(d) does not apply retroactively to sentences imposed before July 9, 2014.[2]

(4) On January 14, 2016, Carr filed a motion for new trial based on newly discovered evidence. Carr's motion attached a copy of a News Journal article from April 22, 2015, reporting on a federal government review of criminal trials across the country, including three unnamed cases from Delaware, in which FBI hair examiners provided flawed testimony. Carr sought a new trial on the basis that the evidence admitted at his 1982 trial included forensic testing conducted by the FBI, and that his case might be one of those in which the FBI gave flawed testimony.

(5) By order dated February 4, 2015, the Superior Court summarily denied Carr's motion for new trial as untimely filed under Superior Court Criminal Rule 33. The court found that the relief sought by Carr was more properly

---

[1] *Carr v. State*, 474 A.2d 138 (Del. 1983 (Table), 1983 Del. LEXIS 520 (Del. Nov. 9, 1983).

[2] *Fountain v. State*, __ A.3d __, 2016 WL 2927750, at *4-5 (Del. May 16, 2016).

addressed in a motion for postconviction relief under Superior Court Criminal Rule 61.

(6) On appeal, Carr contends that he modeled his motion for new trial after another defendant's motion for new trial, which was not summarily denied as untimely filed.[3] Carr claims that the Superior Court's summary denial of his motion for new trial was an abuse of discretion.

(7) Carr's claim is without merit. Rule 33 requires that a motion for new trial based on newly discovered evidence must be filed within two years of final judgment, which clearly was not done in Carr's case. Although the Superior Court could have considered Carr's motion for new trial as a motion for postconviction relief under Rule 61,[4] it was not required to do so.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgments of the Superior Court are AFFIRMED.

BY THE COURT:

Justice

---

[3] The other case Carr refers to is *State v. Biggins*, Del. Super., Cr. ID No. 9609015504. The Court is familiar with that case, having recently issued an Order dismissing the defendant's petition for an extraordinary writ. *In re Biggins*, Del. Supr., No. 33, 2016 (June 1, 2016) (Order). In that case, the defendant filed a host of motions, including a motion for new trial, referencing the same News Journal article from April 2015 as well as a June 2015 letter from the United States Department of Justice, questioning the conclusions drawn from the microscopic hair comparison analysis testimony at the defendant's trial.

[4] *Cf. Downes v. State*, 771 A.2d 289, 292 (Del. 2001) ("[W]e now hold that a defendant may use Rule 61 to seek a new trial even if such a motion would be time barred under Rule 33.").

3